THEODORE ZAPPAS, a Minor, by GEORGE SHEREOPULOS, his next Friend, v. CHRIST ROUMELIOTE, Appellant.

**Master and servant:**  ISSUES: PLEADINGS: INSTRUCTIONS.  In this
1  action to recover tips paid an employer by mistake, in which a settlement was pleaded by defendant, and in reply plaintiff pleaded that the settlement was procured by fraud and that he was a minor and had disaffirmed it, a failure to instruct as to the effect of the settlement was without prejudice to the defendant, where the jury found that the tips, were personal gifts to the plaintiff and that he had not contracted to pay them to defendant; as the action was not upon any contract requiring repudiation to entitle plaintiff to recover, and under the facts proven defendant could not avoid liability on any theory.

**Same:**  COMPENSATION OF SERVANT: TIPS: BURDEN OF PROOF.  Tips
2  given a servant, over and above the regular charge for the service, belong to the servant; and the burden is upon the employer to show a contract by which they were to be turned over to him.

*Appeal from Woodbury District. Court.—*Hon. DAVID
MOULD, Judge.

MONDAY, OCTOBER 21, 1912.

THE facts are stated in the opinion.—*Affirmed.*

*A. Van Wagenen,* for appellant.

*Alfred Haas,* for appellee.

SHERWIN, J.—The plaintiff, a minor, was employed
by the defendant in his shoe-shining emporium. He worked
under a salary contract, and the wages agreed upon were
paid him. During the two years of his service for the
defendant, however, he was given tips by customers whose
work he had done, and these daily tips were turned over to
the defendant each night. This action was brought to re-
cover back such tips. The case was tried to a jury, and a
verdict was returned for the plaintiff, upon which judgment
was entered, and the defendant appeals. Two defenses were
interposed by the defendant: First, that there was an agree-
ment between them that the tips should belong to the defend-
ant; and, second, that there was a complete settlement at
the end of plaintiff's service, which was evidenced by a
receipt in full.

The first two counts of the petition were based on
contracts which the plaintiff alleged that he had made with
the defendant, and neither count involved the subject of
tips. The trial court instructed on the bear-

1. MASTER AND
SERVANT:
issues:
pleadings:
instructions.

ing that the defendant's plea of settlement
would have on these two counts, but did not
refer to the plea of settlement in con-
nection with count 5, upon which the claim for tips was
based, and this is alleged as error. We are given no light
on this matter by counsel for appellee. But the appellee

pleaded in reply to defendant's answer that the receipt pleaded and relied upon by the defendant was obtained by fraud, and that, being a minor, he had disaffirmed any settlement or receipt. Under proper instructions the jury found that there was no contract between the parties as to tips, and that the tips were personal gifts to the plaintiff by patrons of the house. These findings are fully established by the evidence; and, accepting them as true, it is manifest that the defendant was not prejudiced by the court's failure to instruct on the question of settlement in connection with count 5. This count was not based on any contract, either express or implied, unless it be said that there was an implied contract on the part of the defendant to return to the plaintiff that which had been wrongfully exacted of him. But, if that be true, it was not a contract that would involve repudiation on the part of the plaintiff in order to maintain this suit. Indeed, the reverse of that would be true, and the only repudiation in the case would be that of the contract of settlement, which might deprive the plaintiff of the benefit of the implied contract to repay money wrongfully received; and such repudiation or disaffirmance of the settlement was conclusively evidenced by the claim made in this suit. And we see no way for the defendant to escape liability under the facts. The trial court instructed that the plaintiff could not recover on count 5, if he had entered into any contract to turn the tips over to the defendant, and the plaintiff was not permitted to affirm a part of his contract with the defendant and disaffirm another part thereof. It is a familiar rule that we will not reverse where no prejudice appears, or where a different result can not justly be reached.

We think the court was right in instructing that the plaintiff would be entitled to any gifts in the way of tips, over and above the regular charge for the service performed, given to him by patrons of the defendant's place; and that the burden of proof was on the defendant to show an agree-

ment on the part of the plaintiff to turn the tips over to him.

**2. SAME:** compensation of servant: tips: burden of proof.
The plaintiff did prove that the tips were given to him as a gratuity, and were not intended for the defendant; and that was all that the law could require of him. There is nothing in the record to indicate that the verdict was the result of passion or prejudice. On the other hand, we think it was fully justified by the evidence. The plaintiff was a young Greek, who had just come to this country. He knew nothing of our language for some time, and did not know for a year that the tips given to him were intended by the donors as gifts to him. The defendant demanded and received this money, and it is right that he should return it. The judgment is—*Affirmed.*